IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SABREENA JACKSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:22-cv-00772-PX |
| THE UNITED STATES, | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM OPINION

Pending in this employment discrimination action is a motion to dismiss filed by Louis DeJoy, United States Postmaster General, on behalf of the United States Postal Service ("USPS").[1]  ECF No. 30.  The motion is fully briefed, and no hearing is necessary.  *See* D. Md. Loc. R. 105.6.  For the reasons discussed below, the motion is GRANTED and the Complaint is dismissed without prejudice.

### I.  Background

The following Complaint facts are taken as true and read most favorably to Plaintiff Sabreena Jackson ("Jackson").  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). Because Jackson proceeds pro se, and both parties attach documents from the administrative proceedings below, the Court considers the information as integral to the allegations.[2]  *See, e.g.*, ECF Nos. 30-2 & 33-1.

Jackson works as a USPS Customer Service Supervisor assigned to the post office in

---

[1] The case caption erroneously identifies the United States as Defendant.  ECF No. 1 at 1.  Contrary to USPS' position, this error does not mandate dismissal of the claim.  *See* ECF No. 30-1 at 4.  The Clerk is directed to change the caption to reflect Louis DeJoy, United States Postmaster General, as the proper Defendant.

[2] Jackson also attached a table of contents to the Complaint (ECF No. 1-1), which strongly suggests that she intended to integrate these and other exhibits into the Complaint.  The documents, however, are not appended. As discussed more fully below, should Jackson wish to cure this oversight, she may append such documents to any future amended complaint she files.

Gaithersburg, Maryland.  *See* ECF Nos. 1 & 33-1 at 2.  Between November 2014 and May 2016, Jackson repeatedly requested a voluntary demotion to the position of letter carrier so she could join the National Association of Letter Carriers union ("NALC") and receive its attendant benefits of membership.  ECF No. 33-1 at 5-6.  USPS did not grant her requests.  ECF Nos. 30-2 at 2 & 33-1 at 3, 5.

Meanwhile, in March of 2016, another employee assaulted Jackson in the workplace.  ECF No. 33-1 at 5.  On May 18, 2016, and purportedly as a result of the assault incident, USPS reassigned Jackson to the Diamond Farms and Montgomery Village post offices and changed her schedule and duty hours.  ECF Nos. 30-2 at 2 & 33-1 at 4, 6.  According to Jackson, she did little more at the new posts than "[sit] in a corner with no assigned work for nearly two years," which she found to be "degrading, humiliating, and stressful."  ECF No. 33-1 at 6-7.  USPS also "rescinded all computer access and job duties" and had her "sit in a 4x6 breakroom filled w/ refrigerators and no chair/desk[.]"  ECF No. 1 at 2.

Jackson formally complained to the USPS EEO Office on June 15, 2016.  ECF Nos. 30-2 at 2 & 33-1 at 3.  Jackson, a Black woman born in 1966, alleged in the formal charge that USPS discriminated against her on the basis of race, sex, and age when it denied Jackson's request to return to the position of letter carrier, and separately based on USPS' reassignment and alteration of work conditions.  ECF No. 30-2 at 2.  During the administrative investigation into the formal charge, Jackson supplied information that she had been treated less favorably than a male comparator who also had been involved in a workplace assault, thus giving rise to an inference of discrimination.  ECF No. 33-1 at 7.  Jackson ultimately withdrew her request to proceed with the administrative case, citing an inability to afford counsel.  ECF No. 33 at 1.  On September 28, 2020, the EEO issued its final agency decision denying her claims.  *See* ECF No. 1 at 1.

2

Proceeding pro se, Jackson next filed suit in the United States Court of Federal Claims. ECF No. 1 at 1. The Court of Federal Claims transferred the case to the Eastern District of Virginia, which in turn transferred the case to this Court. ECF Nos. 9, 10, 20 & 21. USPS now moves to dismiss the action, which Jackson opposes. ECF No. 30 & 33. Because the Complaint in its current form fails to aver plausibly that USPS had taken a sufficiently adverse action against Jackson, the motion to dismiss is granted. However, because Jackson proceeds pro se, the dismissal will be without prejudice, and Jackson will be afforded one opportunity to amend her Complaint to cure the pleading deficiencies discussed herein.

## II.     Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *Ibarra*, 120 F.3d at 474. To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The Court must be able to deduce "more than the mere possibility of misconduct"; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief. *See Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 679), *aff'd in relevant part*, 659 F. App'x 744 (4th Cir. 2016).

Because Jackson proceeds pro se, the Court must read her pleadings charitably and let all potentially viable claims proceed on the merits. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But "even a *pro se* complaint must be dismissed if it does not allege a 'plausible claim for relief.'"  *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (quoting *Iqbal*, 556 U.S. at 679).  A complaint must "permit the court to infer more than the mere possibility of misconduct based upon its judicial experience and common sense."  *Coleman v. Md. Ct. App.*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679) (internal quotes and alterations omitted).

### III. Analysis

Reading the Complaint most favorably to Jackson, she contends that USPS' actions amounted to gender and race discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA").  USPS contends that Jackson's claims must be dismissed for failure to exhaust administrative remedies.  Alternatively, USPS argues that the claims fail on the merits.  The Court considers each argument in turn.

#### A. Exhaustion

USPS first fronts a barebones argument that Jackson has failed to preserve any contention regarding her change of assignment because no such claim had been pleaded in the formal EEO charge.  ECF No. 30-1 at 5-6.  To be sure, Title VII and the ADEA require all claims to be first brought before the EEOC as a precondition to suit.  42 U.S.C. § 2000e-5(f); *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1846-47 (2019).  *See Brandford v. Shannon-Baum Signs, Inc.*, 519 F. App'x 817, 819 (4th Cir. 2013); *Byington v. NBRS Financial Bank*, 903 F. Supp. 2d 342, 350 (D. Md. 2012).  Although not jurisdictional, exhaustion is a necessary first step in pursuing the claim in this Court.  *See Fort Bend Cnty.*, 139 S. Ct. at 1850-51.  A claim alleged in the

Complaint is exhausted if "reasonably related" to a claim described in the formal EEO charge. *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005) (quoting *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247-48 (4th Cir. 2000)). *See also Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005) (citing *Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 F.2d 457, 460 (4th Cir. 1988)).

Jackson's discrimination claim concerning her transfer was indeed preserved. As the EEO's own receipt of formal charge illustrates, Jackson had alleged that her transfer was motivated by race, sex, and age discrimination. She pursues a nearly identical liability theory before this Court. *Compare* ECF No. 1, *with* ECF No. 30-2 at 2. Moreover, the parties' own pre-hearing submission before the EEOC amply discussed the identical claims she filed in this matter. ECF No. 33-1 at 3-7. Defendant's mere argument to the contrary is unavailing. The motion to dismiss on exhaustion grounds is denied.

### B. Discrimination

Turning to the substance of Jackson's claims, USPS contends that the discriminatory acts alleged are not sufficiently adverse to make plausible a *prima facie* case of discrimination. ECF No. 30-1 at 6-8.[3] Because both Title VII and the ADEA prohibit discrimination under the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the Court considers the claims together. *Compare* 42 U.S.C. § 2000e-2(a)(1), *with* 29 U.S.C. §§ 623(a) & 631(a).

At the pleading stage, a plaintiff is not required to establish a *prima facie* case under the

---

[3] USPS also argues that Jackson "does not allege how any of the employment actions she complains of were motivated by her membership in any protected class or any discriminatory animus." ECF No. 30-1 at 8. But USPS' argument is disingenuous in that the EEOC receipt of formal charge shows that Jackson alleged to the EEOC discrimination on the basis of her race, sex, and age. ECF No. 30-2 at 2. Moreover, it was undisputed in the EEOC prehearing status report that Jackson is Black and female. ECF No. 33-1 at 4. To be sure, Jackson's belonging to a protected class is not clear from the face of the Complaint. *See* ECF No. 1. But Jackson can easily correct this oversight in an amended complaint.

*McDonnell Douglas* framework.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002).  A plaintiff will survive dismissal provided she alleges sufficient facts to "raise a right to relief above the speculative level."  *Coleman*, 626 F.3d at 190 (quoting *Twombly*, 550 U.S. at 555); *see also McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015).  Nonetheless, "reference to the elements of a prima facie claim helps to gauge the adequacy of the factual allegations in terms of plausibility."  *Parker v. Children's National Medical Ctr.*, No. ELH-20-3523, 2021 WL 5840949, at *8 (D. Md. Dec. 9, 2021).  Accordingly, where some facts make plausible that the plaintiff (1) is a member of a protected class; (2) performed her job in a satisfactory manner; and (3) suffered an adverse employment action in a manner that (4) gives rise to an inference of discriminatory animus, the claim must proceed.  *See Goode v. Cent. Va. Legal Aid Soc., Inc.*, 807 F.3d 619, 626 (4th Cir. 2015), *abrogated in part on other grounds by Bing v. Brivo Sys.*, *LLC*, 959 F.3d 605, 611-12 (4th Cir. 2020) (discussing when an order is final and appealable).

An adverse action is one that negatively affects the "terms, conditions, or benefits" of employment.  *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 650-51 (4th Cir. 2002) (quoting *Von Gunten v. Maryland*, 243 F.3d 858, 866 (4th Cir. 2001)).  The employment action must be more than a "trivial discomfort[ ] endemic to employment" and ordinarily involves a "tangible" harm, such as "discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunities for promotion."  *Boone v. Goldin*, 178 F.3d 253, 255-56 (4th Cir. 1999).

Jackson alleges that USPS discriminated against her when it first refused to return her to a letter-carrier position and next when it transferred her to another post office and drastically reduced her duties and responsibilities.  *See* ECF No. 1 at 2.  When viewing these facts most

favorably to Jackson, neither is sufficiently "adverse" to sustain the claim based only on the facts averred in the Complaint. First, as to her requested "demotion," the Court is hard-pressed to see how a *denial* of a demotion on its face constitutes an adverse action. *Cf. Handley v. Baltimore Police Dep't*, No. DLB-20-1054, 2022 WL 3700871, at *7 (D. Md. Aug. 26, 2022) (concluding that demotion is textbook adverse action due to loss of rank and salary). However, Jackson suggests in her response that USPS' denial is sufficiently adverse because the Agency's refusal to demote her deprived her of the opportunity to join NALC and receive its attendant third-party benefits. *See* ECF No. 33 at 1. Thus, the adverse action is essentially the naked denial of Jackson's request for reassignment to a position that allows for the benefits of union membership.

USPS, for its part, does not address this argument in its reply. USPS instead correctly highlights that a plaintiff cannot amend a complaint through her responsive pleading. *See Mathis v. McDonough*, No. ELH-13-2597, 2014 WL 3894133, at *25 (D. Md. Aug. 7, 2014). Nonetheless, Jackson proceeds pro se, and she makes a non-frivolous argument in this respect. Thus, the Court will grant USPS' motion without prejudice and permit Jackson to amend the Complaint. Jackson is advised that she must include within the amended complaint the facts that make plausible how USPS' refusal to return her to a letter carrier position stripped her of benefits such that the action is sufficiently "adverse." In turn, USPS will be given another opportunity to challenge the legal sufficiency of the amended complaint. USPS must address whether an agency's refusal to grant a request for change in employment position is adverse as a matter of law when the refusal deprives the employee the benefits attendant to union representation.

Turning to Jackson's second claimed adverse action—her reassignment after she had been assaulted—the Complaint avers that she was "removed from [her assignment] without just-

7

cause for a period of approximately [two years]," during which time she lost computer access and job responsibility, and that she ultimately returned to her original post with "no authority." ECF No. 1 at 2.  It is well-established that reassignment may be sufficiently adverse where "the reassignment had a significant detrimental effect on her employment."  *Bailey v. Ares Group, Inc.*, 803 F. Supp. 2d 349, 356 (D. Md. 2011) (citing *Boone*, 178 F.3d at 256).  Accordingly, although reassignment to a less appealing job may not alone suffice, *see James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 376 (4th Cir. 2014), Jackson plainly alleges that the result of this reassignment was that she essentially lost her supervisory authority upon her return to her original position.  ECF No 1.

That said, the Complaint facts are thin.  Although the Complaint avers that Jackson returned to her original assignment with "no authority," no facts describe *how* the reassignment affected Jackson's position as a supervisor either during or after she was returned to her original placement.  Likewise, although Jackson intimates that her physical working conditions were austere, this alone likely will not allow the claim to proceed.  *Cf. Maine v. Azar*, No. GLR-16-3788, 2021 WL 3617215, at *18 (D. Md. Aug. 16, 2021) (citing *Wonasue v. Univ. of Md. Alumni Ass'n*, 984 F. Supp. 2d 480, 492 (D. Md. 2013)).  But if Jackson's transfer ultimately stripped her of her supervisory role, or adversely impacted her salary, benefits, or advancement opportunities at USPS, *see Boone*, 178 F.3d at 255-56, then the claim may ultimately survive challenge.

Accordingly, the Court grants USPS' motion to dismiss the discrimination claim premised on Jackson's transfer, but without prejudice.  Jackson will be permitted to amend her Complaint so as to add facts to make plausible that either USPS action—denial of the demotion or transfer—was sufficiently adverse to allow the claim to proceed.

## IV. Conclusion

Based on the foregoing, the USPS motion to dismiss is granted without prejudice. Jackson shall be given an opportunity to amend the Complaint to cure the pleading deficiencies. Within 28 days from the date of this memorandum opinion and accompanying order, Jackson may file an amended complaint. USPS shall have 14 days after such filing to either renew its motion to dismiss or answer. Jackson is forewarned that failure to file an amended complaint will result in dismissal of the action with prejudice and without further warning.

A separate Order follows.

10/11/22                                           /s/
Date                                               Paula Xinis
                                                   United States District Judge