IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SABREENA JACKSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 8:22-cv-00772-PX |
| | * | |
| LOUIS DEJOY, | * | |
| | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM ORDER

Pending presently is the motion to dismiss the Amended Complaint filed by Defendant United States Postal Service ("USPS") through Postmaster General, Louis DeJoy. ECF No. 42. Pro se Plaintiff, Sabreena Jackson, brings against USPS claims for race, gender, and age discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"). ECF No. 39. Jackson is a Black woman born in 1966 who has worked for USPS for more than 20 years, including the past decade as a supervisor. *See* ECF No. 39-2 at 1-5. The crux of this lawsuit is Jackson's desire to serve as a letter carrier rather than a supervisor, and USPS' alleged refusal to demote her.

In its earlier memorandum opinion, fully incorporated here, the Court had dismissed the original Complaint for failure to make plausible that Jackson experienced an adverse employment action sufficient to sustain any of her claims. *See generally* ECF No. 37. However, because Jackson proceeds pro se, the Court granted her the opportunity to cure the pleading defects through amending the complaint. Jackson thereafter filed an Amended Complaint, which does little to change the outcome. *See generally* ECF No. 39.

Although the Amended Complaint is voluminous, with over 100 pages in exhibits, it is a

jumbled and wandering missive that fails to state a clear claim.  As best the Court can discern, Jackson still appears to challenge as discriminatory a temporary job reassignment and USPS' refusal to demote her to a letter carrier position.  *Id.* at 2-3.  The Amended Complaint also broadly alleges that Jackson experienced great "hostility" and "toxicity" at her job, referring to the criticisms that her subordinates voiced about her capabilities as a manager.  *Id.* at 4, 7, 10; *see also* ECF No. 39-1 at 6 (upwards of two dozen USPS employees raising concerns about Jackson).  The Amended Complaint further alleges that USPS "blacklisted" Jackson because, over the span of ten years, USPS repeatedly did not select Jackson for a variety of postal service positions for which she had applied.  ECF No. 39 at 4, 6, 8.

      For the discrimination allegations, the Amended Complaint still does not make plausible that Jackson suffered any legally cognizable adverse action such that the "terms, conditions, or benefits" of her employment have been negatively impacted.  *See* ECF No. 37 at 6 (quoting *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 650-51 (4th Cir. 2002)).  Specifically, no facts support that Jackson experienced a "tangible" harm like "discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunities for promotion."  *Id.* (quoting *Boone v. Goldin*, 178 F.3d 253, 255-56 (4th Cir. 1999)).  The Court had previously warned Jackson that it was "hard-pressed to see how a *denial* of a demotion on its face constitutes an adverse action."  *Id.* at 7 (emphasis in original).  Indeed, Jackson remained in the role of supervisor with a position grade of E-17.  ECF No. 39-2 at 1-3.  The only "adversity" the Amended Complaint describes is hefty legal bills and having to work alongside a fellow employee she intensely dislikes.  ECF No. 39 at 8-9; *see also* ECF No. 39-1 at 5 (showing Jackson's legal fees as of January 5, 2022).  Accordingly, the claims fail for this reason alone.

      Jackson also appears to raise two new claims in the Amended Complaint.  First, she

asserts that USPS' denial of demotion and a temporary duty reassignment had been in retaliation for Jackson's protected EEO activity. ECF No. 39 at 6. To proceed on a retaliation claim, the complaint facts must make plausible that the plaintiff had engaged in protected activity and that, as a result, the employer took adverse action against her. *Smith v. CSRA*, 12 F.4th 396, 416 (4th Cir. 2021); *see also* 42 U.S.C. § 2000e-3(a). Of course, where adverse employment action predates the protected activity, then, logically, the claim cannot proceed. *Rhodes v. Montgomery Cnty. Dep't of Corr. & Rehab.*, No. 12-cv-03172-AW, 2013 WL 791208, at *10 (D. Md. Mar. 1, 2013). When viewing the Amended Complaint most favorably to Jackson, the claimed protected activity—pursuing her EEO charge in 2016—occurred after the reassignment and the initial refusal to demote her. *Compare* ECF No. 39 at 6-7, *with* ECF No. 39-4 at 17-26. Thus, the Amended Complaint does not make plausible that USPS took any adverse action in response to her EEO complaint.

To the extent Jackson intends to raise a Title VII discriminatory non-selection claim arising from the many positions for which she was not chosen, she has failed to exhaust administrative remedies prior to suit. Claims in federal court may proceed only if reasonably related to the formal EEO charge. ECF No. 37 at 4-5; *see also Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir. 1996). The EEO charge focused exclusively on USPS' refusal to demote Jackson and her transfer; it did not discuss her non-selection for the other positions that Jackson now characterizes as being "blacklisted." *See generally* ECF Nos. 30-2 & 33-1. Accordingly, the claim cannot proceed for lack of exhaustion. *See Wright v. Kent Cnty. Dep't of Soc. Servs.*, No. ELH-12-3593, 2014 WL 301026, at *11 (D. Md. Jan. 24, 2014).

Last, the Court will dismiss the Amended Complaint with prejudice. Jackson has been given ample opportunity to make her claims plausible. Indeed, the Amended Complaint includes

nearly 130 pages of attachments, and yet the claims still fail.  From this, the Court concludes that any further amendment would be "futile in light of the fundamental deficiencies in plaintiff's theory of liability."  *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008); *see also McLean v. United States*, 566 F.3d 391, 401 (4th Cir. 2009) ("Once a court has determined that the complaint is truly unamendable, a dismissal without prejudice is of little benefit to the litigant, as the claim cannot be made viable through reformulation.").

Accordingly, it is on this 28th day of July 2023, the United States District Court for the District of Maryland GRANTS USPS' motion (ECF No. 42**)** and DISMISSES the Amended Complaint (ECF No. 39) WITH PREJUDICE.  The Clerk is further directed to CLOSE the case.

7/28/2023                                                     /S/
Date                                                           Paula Xinis
                                                             United States District Judge